UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-104 (PJS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GLEN ROBERT ANDERSON,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant GLEN ROBERT ANDERSON (hereinafter referred to as the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency, except as provided for below.

1.    **Charges.** The defendant agrees to enter a plea of guilty to Counts 1-4 of the Information. Counts 1 and 3 charge Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). Count 2 charges Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Count 4 charges Interstate Communication with Intent to Extort, in violation of 18 U.S.C. § 875(d). In exchange, the United States Attorney's Office agrees not to charge the defendant with additional counts of the offenses described above, or distribution, receipt, and possession of child pornography, in violation



of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2) known to the United States Attorney's Office at the time of the entry of this plea agreement.

2. **Agreements regarding related state charges.** In exchange for the concessions made in this plea agreement, the defendant agrees to plead guilty to criminal sexual conduct in the third degree in Anoka County, Minnesota. The defendant understands that resolution of the state charges against him will occur independently of this agreement. If the defendant is unable to reach an agreement regarding the charge in Anoka County, that will not be a basis for withdrawing from this plea agreement. The parties agree to recommend that any sentence imposed federally be run concurrent to any related state sentence in Anoka County.

3. **Detention**. The defendant agrees that detention is mandatory and that he will be remanded to the custody U.S. Marshals Service upon entry of his guilty plea in this case. 18 U.S.C. § 3143.

4. **Factual Basis.** The defendant agrees that the Information, which is attached to this agreement and incorporated here by reference, accurately sets forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant further agrees that the facts set forth in the Information and below are true and could be established beyond a reasonable doubt if the case were to proceed to trial.

In addition, the defendant stipulates and agrees that he attempted to obstruct the investigation by threatening to retaliate against Victim 1, as described in Count 4 of the Information. Additionally, the defendant agrees that on or about March 10, 2022, after the

2

Federal Bureau of Investigation (FBI) executed a search warrant on his residence, vehicles, and person, he attempted to obstruct the investigation by instructing a minor in Coon Rapids, Minnesota not to speak to the FBI about him or their prior contacts.

5. **Stipulations regarding Additional Offenses.** The defendant agrees that the Information does not fully encompass the extent of his criminal conduct. The defendant also agrees that he committed similar conduct as that described in the Information involving victims other than the minors described in the Information, in addition to as yet unidentified victims. Pursuant to USSG §1B1.2(c), the defendant stipulates to the facts described in the Information and in this paragraph. He further understands and agrees that the conduct involving victims other than those identified in the Information shall be treated as separate counts of conviction and may therefore result in an increase in the applicable offense level under the U.S. Sentencing Guidelines beyond the parties' stipulations described below. The defendant further acknowledges that the United States and the Court have an obligation to calculate the applicable guideline range accurately, and that it shall not be a breach of this agreement for the United States to advocate for a higher applicable offense level based on conduct involving additional victims not identified in the Information. Further, the defendant understands and agrees that he will not be permitted to withdraw from the plea agreement if such stipulations or the identification of additional victims results in a higher applicable offense level or guideline range. Such conduct may also impact the factors considered in fashioning an appropriate sentence under 18 U.S.C. § 3553(a).

6.      **Waiver of Indictment and Duplicity**. The defendant agrees to waive indictment by a grand jury on this charge, and to consent to the filing of a criminal Information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense. The defendant further waives any right to challenge the Information on duplicity grounds.

7.      **Waiver of Pretrial Motions**. The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly, and voluntarily gives up the right to file and litigate pretrial motions.

8.      **Waiver of Constitutional Trial Rights.** The defendant understands that the defendant has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

9. **Agreement to Conditions Prior to Sentencing.** In exchange for the concessions in this agreement, the defendant agrees to submit to a psychosexual evaluation by an independent evaluator approved by the U.S. Attorney's Office prior to sentencing in this case. The defendant also agrees to submit to a polygraph examination by an polygrapher approved by the U.S. Attorney's Office prior to sentencing in this case. The defendant acknowledges and agrees that the results of examination for the psychosexual evaluation and polygraph will be made available for the Court's consideration at sentencing. The defendant further agrees to pay the costs of these assessments.

10. **Statutory Penalties**. Unless otherwise specified below, the parties agree that the following statutory penalties apply for Counts 1 and 3 of the Information:

   a. A mandatory minimum of 15 years' imprisonment;
   b. A maximum of 30 years' imprisonment;
   c. A supervised release term of not less than five years up to a maximum term of life;
   d. A fine of up to $250,000;
   e. A mandatory special assessment of $100;
   f. Payment of $5,000 to the Domestic Trafficking Victims' Fund;
   g. Payment of $50,000 pursuant to the Amy, Vicky and Andy Victim of Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A; and
   h. Payment of mandatory restitution in an amount to be determined by the Court.

The parties also agree that the following statutory penalties apply for Count 2 of the Information:

   a. A mandatory minimum of 10 years' imprisonment;
   b. A maximum of life imprisonment;
   c. A supervised release term of not less than five years up to a maximum supervised release term of life;

  d. A fine of up to $250,000;
  e. A mandatory special assessment of $100;
  f. Payment of $5,000 to the Domestic Trafficking Victims' Fund, pursuant to 18 U.S.C. § 3014(a)(4); and
  g. Payment of mandatory restitution in an amount to be determined by the Court.

The parties also agree that the following statutory penalties apply for Count 4 of the Information:

  a. A maximum of 2 years' imprisonment;
  b. A supervised release term of no more than three years;
  c. A fine of up to $250,000;
  d. A mandatory special assessment of $100; and
  e. Payment of mandatory restitution in an amount to be determined by the Court.

The parties further acknowledge that the following combined statutory penalties for Counts 1 through 4 apply:

  a. A mandatory minimum term of 15 years' imprisonment;
  b. A maximum term of life imprisonment;
  c. A maximum term of lifetime supervised release;
  d. A maximum fine of $1,000,000;
  e. A mandatory $400 in special assessments;
  f. Payment of $15,000 to the Domestic Trafficking Victims' Fund;
  i. Payment of $100,000 pursuant to the Amy, Vicky and Andy Victim of Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A; and
  f. Payment of mandatory restitution in an amount to be determined by the Court.

  11. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

12. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. The parties agree that the guidelines applicable to each offense are to be calculated separately. (USSG §§2B3.2, 2B3.3, 2G2.1(d), and 3D1.2(d)). The parties also agree that the 2018 U.S. Sentencing Guidelines Manual applies. (USSG §1B1.11(b)(3)).

*Production and Attempted Production of Child Pornography (Counts 1 and 3)*

    b. <u>Base Offense Level.</u> The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).

    c. <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

        i. 2 levels because the offense involved the commission of a sexual act (USSG §2G2.1(b)(2)).
        ii. 2 levels because the defendant knowingly engaged in distribution (USSG §2G2.1(b)(3)).
        iii. 2 levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)(B)).

*Enticement of a Minor (Count 2)*

    d. <u>Base Offense Level</u>. The parties agree that the base offense level for a conviction under 18 U.S.C. § 2422(b) is 28. USSG §2G1.3(a)(3).

7

   e. <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

   i. 2 levels because a participant unduly influenced a minor to engage in prohibited sexual conduct (USSG §2G1.3(b)(2)(B)).
   ii. 2 levels because the offense involved the use of a computer or interactive computer service. (USSG §2G1.3(b)(3)(A)).
   iii. 2 levels because the offense involved the commission of a sex act or sexual contact. (USSG §2G1.3(b)(4)).

*Extortion (Count 4)*

   f. <u>Base Offense Level</u>. The parties agree that the base offense level for blackmail and similar forms of extortion is 9. (USSG §2B3.3(a)).

   g. The parties agree that the following Chapter 3 provisions apply:

   i. <u>Obstruction of Justice.</u> The parties agree that an upward adjustment of 2 levels applies because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense.
   ii. <u>Determining the Combined Offense Level.</u> The parties agree that an upward adjustment applies pursuant to the guidelines related to multiple counts of conviction. (USSG §§3D1.2(d) and 3D1.4). The parties also agree that the group with the highest offense level is 40 (USSG §§3D1.4(a)). The parties further agree that 3 units apply. (USSG §§3D1.4(a)).
   iii. <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following:
   1) the defendant testifies truthfully during the change of plea and sentencing hearings;

8

  2) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation; and

  3) the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG §3E1.1).

h. Repeat and Dangerous Sex Offender against Minors. The parties agree that a 5-level upward adjustment applies because the instant offense includes a covered sex crime, neither USSG §§4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (USSG §4B1.5(b)(1)).

i. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (USSG §§4A1.1 and 4B1.5(b)(2)).

j. Guideline Range. If the adjusted offense level is 43—the maximum permitted under the guidelines—and the criminal history category is I, the Sentencing guideline range is life.

k. Fine Range. Based on the offense level calculated above, the fine range is $50,000 to $500,000. USSG §5E1.2(c).

l. Supervised Release. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction. (USSG §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)). The parties agree to recommend a lifetime term of supervised release with special conditions, including but not limited to sex offender evaluation and treatment, no contact with victims from the instant case, no contact with minors, restrictions on his

  access to electronic devices and the internet, and search conditions, among others the Court or U.S. Probation Office may deem necessary at sentencing.

 m. <u>Sentencing Recommendation.</u> The parties reserve the right to make a motion for a variance or departure from the applicable guideline range. The parties agree to recommend that the sentence in this case be imposed concurrently to any sentence in Anoka County for criminal sexual conduct in the ~~first~~ third [MED GA CJG] degree involving the victims in this case.

13. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable guideline range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

14. **Special Assessment**. The defendant is required to pay a special assessment in the amount of $100 for each felony count of conviction, for a total of $400. 18 U.S.C. § 3013; USSG §5E1.3. The defendant also agrees to pay special assessments of $5,000 to the Domestic Trafficking Victims' Fund for a total of $15,000, and under the Amy, Vicky, Andy Child Pornography Victim Assistance Act of $100,000. The defendant agrees that these assessments all become due and payable upon sentencing.

15. **Restitution**. The defendant understands and agrees that 18 U.S.C. § 2259, 18 U.S.C. § 2259A, and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to the victims of the defendant's offenses. Additionally, pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by the National Center for Missing and Exploited Children (NCMEC). The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant agrees to enter a stipulation prior to sentencing as to restitution owed to the victims who have requested restitution by that date. Absent an agreement with counsel for the victim(s) and the government that he will pay a greater amount, the defendant agrees to pay at least $3,000, in restitution to each of the victims who request restitution in his case. The defendant acknowledges and agrees that a greater amount may be appropriate, particularly for victims of production of child pornography or enticement of a minor. Additionally, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or in this agreement.

The defendant agrees to fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying,

11

locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. The defendant further agrees that within 30 days after the entry of his guilty plea in this case, the defendant will provide the United States a financial disclosure form, under penalty of perjury, listing all the defendant's assets and financial interests valued at more than $1000. The defendant agrees to provide updated information within seven days of any material change in circumstances, as described in 18 U.S.C. § 3664(k). The defendant expressly authorizes the United States Attorney's Office to obtain credit reports to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

16.  **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a), all property, real or personal, used or intended to be used to commit the offense(s), including the following property:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such

property, including, but not limited to devices seized pursuant to search warrant by the Federal Bureau of Investigation in connection with this case.

The Defendant agrees to forfeit this property because it was used, or intended to be used, to commit the offense charged in Counts 1 and 3 of the Information, or other criminal offenses described herein.

The Defendant agrees that such property may be forfeited through civil, administrative of criminal forfeiture proceedings, waives any deadline for the initiation of such proceedings, abandons any interest in such property, and consents to its destruction.

The United States reserves the right to seek the direct forfeiture of additional assets pursuant to 18 U.S.C. § 2253(a), and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

17.     **Waivers of Appeal and Collateral Attack**. The defendant acknowledges having been advised by counsel of the defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal rights conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby expressly, knowingly, intelligently, and voluntarily waives these rights, except as specifically reserved herein.  The defendant's waiver of these rights includes his waiver of the right to contest the constitutionality of the statute to which he is pleading guilty or to argue that the admitted conduct does not fall

13

within the scope of that statute. The defendant further waives any order the right to appeal any order of restitution in this case. In exchange for this waiver, the United States agrees to waive its right to appeal a sentence that exceeds 540 months' imprisonment. Nothing in this paragraph bars the defendant from seeking any remedy on appeal or collateral attack with respect to a claim of ineffective assistance of counsel.

18. **Sex Offender Registration**. The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

19. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

20. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States

and the defendant.   There are no other agreements, promises, representations, or understandings.

Date: 6/28/2022

ANDREW M. LUGER
United States Attorney

BY: MIRANDA E. DUGI
(NY: 5140546)
Assistant U.S. Attorney

Date: 6-28-22

GLEN ROBERT ANDERSON
Defendant

Date: 6/28/22

CHRISTA GROSHEK
Counsel for the Defendant

15