566 Fed.Appx. 162
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued
on or after Jan. 1, 2007. See also Third Circuit LAR, App. I, IOP 5.7. (Find CTA3 App. I, IOP 5.7)
United States Court of Appeals,
Third Circuit.

UNITED STATES of America
v.
Russell FREED, Appellant.

No. 12–3951.
|
Submitted Under Third Circuit
L.A.R. 34.1(a) Dec. 20, 2013.
|
Filed: May 6, 2014.

**Synopsis**
**Background:** Defendant pleaded guilty in the United States District Court for the Western District of Pennsylvania, Terrence F. McVerry, J., to production, distribution and receipt, and possession of child pornography, and he appealed his 20–year **sentence**.

**Holdings:** The Court of Appeals, Vanaskie, Circuit Judge, held that:

district court gave sufficient, meaningful consideration to each of the statutory **sentencing** factors, and

the **sentence** was not substantively unreasonable.

Affirmed.

**Procedural Posture(s):** On Appeal.

 **\*162**  On Appeal from the United States District Court for the Western District of Pennsylvania (D.C. Criminal No. 2–11–cr–00132–001), District Judge: Honorable Terrence F. McVerry.

**Attorneys and Law Firms**

 **\*163**  Rebecca R. Haywood, Esq., Michael L. Ivory, Esq., Office of United States Attorney, Pittsburgh, PA, for United States of America.

Federal Public Defender Western District of Pennsylvania, Office of Federal Public Defender, Ronald W. Hayward, Esq., Pittsburgh, PA, for Appellant.

Before: JORDAN, VANASKIE, and GREENBERG, Circuit Judges.

OPINION OF THE COURT

VANASKIE, Circuit Judge.

Russell Freed pled guilty to multiple offenses involving the possession and distribution of child pornography. He was **sentenced** to a prison term of 20 years, well below the **life imprisonment sentence** recommended by application of the United States **Sentencing** Guidelines (the "Guidelines"). Freed appeals his **sentence**, arguing that the District Court committed procedural error by not considering all the pertinent **sentencing** factors and by failing to explain why the mandatory minimum prison term of 15 years that applied in this case was inadequate. He also asserts that the 20 year-prison term is substantively unreasonable. Following a comprehensive review of the record, we conclude that the District Court did indeed consider all the pertinent **sentencing** factors, that it gave more than an adequate explanation for its **sentencing** decision, and that the 20 year-prison term is not substantively unreasonable given the horrendous nature of Freed's conduct. Accordingly, we will affirm the judgment of conviction and **sentence**.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Some time in 2010, Freed found a cell phone belonging to his then 15 or 16 year old stepdaughter and containing sexually explicit pictures of her and her teenage friends. After obtaining the cell phone images, Freed opened a Facebook account and a fake email address in his stepdaughter's name. He also set up email addresses in the names of nonexistent individuals and purchased a prepaid cell phone that he used to pose as fictional persons. Freed maintained control over the prepaid cell phone as well as the fake Facebook account and email addresses. He contacted the girls in the photos contained on his stepdaughter's cell phone using the phony forms of communication in order to obtain more sexually explicit pictures of them by posing as one of their peers or by pretending to be his stepdaughter.

Once a girl had sent him photos, Freed would extort, or attempt to extort, the production of more images by threatening to publish images already in his possession. When one victim denied Freed's request for additional photos, Freed distributed explicit pictures of the girl to her family and classmates.

Freed even targeted and tormented his stepdaughter, who lived with Freed for over 10 years. Not knowing that Freed was the person extorting her for sexually explicit pictures, the stepdaughter confided in Freed about the "person" who was threatening her and told him that she was contemplating suicide as a result. Freed advised his stepdaughter to comply with the "person's" demands. He then continued extorting her for more sexually explicit images.

Freed's conduct eventually became the subject of a law enforcement investigation. On May 25, 2011, the Pennsylvania State Police conducted a planned traffic stop of **\*164** Freed. Inside his vehicle, police found the prepaid cell phone used to solicit, extort and receive sexually explicit photos of Freed's stepdaughter and her peers. The phone contained about 700 such images. Law enforcement officials found similar photos on Facebook and email accounts that Freed had created. On July 21, 2011, a grand jury sitting in the Western District of Pennsylvania returned a seven-count indictment against Freed, charging him with two counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), two counts of Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), two counts of Distribution and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Freed pled guilty to all seven counts on March 1, 2012.

Following Freed's guilty plea, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"). Applying the Guidelines, the PSR calculated Freed's base offense level of 42. The PSR then applied a three-level decrease for acceptance of responsibility, under U.S.S.G. § 3E1.1(a) and (b), as well as a five-level increase because Freed had "engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1). Freed's total offense level was 44, and combined with a criminal history category of I, his advisory Guidelines range was **life imprisonment**.

Freed filed a **sentencing** memorandum requesting that the District Court **sentence** him to the mandatory minimum of 15 years' **imprisonment**. He argued for this substantial downward **variance** from his advisory Guidelines range based on the anonymous nature of the offense as well as his personal background and family situation. Freed asserted that this case is not one "where young children are forced to submit to unimaginable sexual exploitation...." (App. 82.) Rather, Freed argued, "[t]his is a sexting case," for which a 15 year **sentence** is reasonable. (*Id.*) Freed also filed a report from Dr. Allen Pass, a psychologist who treated Freed as part of a "Structured Sexual Offender Treatment Program," indicating that Freed presented a medium to low risk of reoffending.

Despite Freed's Guidelines range, the government did not ask the District Court to impose a **life sentence**. The government did, however, request "a **sentence** substantially above the statutory minimum." (App. 147.) In its own **sentencing** memorandum, the government argued that all of the relevant **sentencing** factors set forth in 18 U.S.C. § 3553(a) supported a **sentence** well in excess of the 15 year mandatory minimum. The government also criticized the speculative nature of reports prepared by experts such as Dr. Pass, which attempt to predict whether a sexual offender will commit similar crimes in the future. Although the government had not yet had a chance to review Dr. Pass's report, because it was filed under seal, the government argued that "[t]o the extent that recidivism predictions are relevant ... [they] are too speculative to engender much confidence," regardless of the expertise of the person making the prediction. (App. 144.)

In addition to his own testimony, Freed presented several witnesses at the **sentencing** hearing, which was held on October 1, 2012. Freed's co-worker, sister, mother, father and wife all discussed Freed's positive attributes and asked the District Court for leniency. Dr. Pass also testified that Freed presented a medium to low risk of reoffending and that, in his opinion, Freed suffered from body dysmorphic disorder,[1] and was not a pedophile. ***165** [2] On cross examination, Dr. Pass acknowledged that sexual offender recidivism statistics are inherently flawed and that Freed's body dysmorphic disorder did not cause him to commit his crimes.

After receiving all the evidence and listening to the arguments of counsel, the District Court embarked on a comprehensive analysis of the pertinent **sentencing** factors listed in 18 U.S.C. § 3553(a). The District Court acknowledged a number of mitigating factors that warranted a substantial **variance** below the advisory Guidelines range of **life imprisonment**. But the District Court also recognized the heinous nature of Freed's criminal conduct, in that he had exploited his own stepdaughter and inflicted horrendous damage on his teenage victims. Ultimately, the District Court concluded that Freed's conduct, appropriately described as "unimaginable, unforgettable, and without justification under any legal or moral code," (App. 270), warranted a **sentence** of 20 years in prison. This appeal followed.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Our standard of review depends upon whether Freed preserved his challenges to the **sentence**. "If so, we review for abuse of discretion; if not, we review for plain error." *United States v. Russell,* 564 F.3d 200, 203 (3d Cir.2009). The parties dispute whether Freed sufficiently preserved his **sentencing** challenges to avoid plain-error review. We need not resolve that dispute because Freed's claims fail under the more lenient abuse-of-discretion standard.

When reviewing a district court's **sentencing** decision for an abuse of discretion, our analysis proceeds in two stages. *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009) (en banc). We first review for procedural error—for example, "failing to

consider the § 3553(a) factors, selecting a **sentence** based on clearly erroneous facts, or failing to adequately explain the chosen **sentence**...." *Id.* If we find no procedural error, we then determine whether the **sentence** is substantively reasonable. *Id.*

Turning to the first step of our review, we require that district courts set forth sufficient reasoning to satisfy us that they have "considered the parties' arguments and [have] a reasoned basis for exercising [their] own legal decisionmaking authority." *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir.2007) (*quoting Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). Freed argues that the District Court committed procedural error by focusing on the nature and circumstances of the offense to the exclusion of the other § 3553(a) factors, and by failing to explain why a prison term of 15 years was inadequate. In particular, Freed asserts that the District Court failed to give meaningful consideration to Dr. Pass's report and testimony indicating that Freed suffered from body dysmorphic disorder, and that he presented a low to medium risk of recidivism. We disagree.

The record makes clear that the District Court gave thoughtful consideration to **\*166** each § 3553(a) factor. In addition to the nature and circumstances of the offense and the victim impact statements, the District Court made explicit reference to Freed's mental and physical condition, as well as Freed's education and vocational skills. The Court also specifically discussed Dr. Pass's opinion that Freed suffered from body dysmorphic disorder and presented a low risk for sexual offense relapse.

Contrary to Freed's assertions, the District Court did not overlook any mitigating factor in Freed's background. It concluded, however, that "[w]hile there are mitigating factors in [the] 3553(a) analysis, ... they are not of a degree or nature that warrant an extreme departure or **variance** from the recommended guideline **sentence** to the statutory mandatory minimum **sentence**." (App. 270.)

Based on our independent review of the record, we are satisfied that the District Court gave meaningful consideration to each of the § 3553(a) factors. In fact, the District Court's thorough review of the evidence in arriving at its **sentence** was commendable. There was thus no procedural error.

Nor was the 20 year prison term substantively unreasonable. In light of Freed's outrageous conduct, it simply cannot be said that "no reasonable **sentencing** court would have imposed the same **sentence** on [Freed] for the reasons the district court provided." *Tomko,* 562 F.3d at 568.

III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and **sentence**.

**All Citations**

566 Fed.Appx. 162

**Footnotes**

1   At the **sentencing** hearing, Dr. Pass explained that individuals with body dysmorphic disorder "have real or imagined problems with their self imagery," which "erodes their self-confidence over the course of time such that they prefer to engage in things that are more reclusive in conduct." (App. 207).

2      According to Dr. Pass, in order to be diagnosed as a pedophile, an individual must engage in some sort of physical contact with a child under the age of 13. Because Freed's victims were over the age of 13 and he did not physically contact them, Dr. Pass concluded that there was no evidence supporting the conclusion that Freed is a pedophile.

---

**End of Document**          © 2023 Thomson Reuters. No claim to original U.S. Government Works.