UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-104 (PJS)

UNITED STATES OF AMERICA,

      Plaintiff,

GLEN ROBERT ANDERSON,

      Defendant.

**GOVERNMENT'S RESPONSIVE POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Angela M. Munoz, Assistant United States Attorney, hereby submits its memorandum in response to defendant Glen Robert Anderson's position paper.

The United States respectfully maintains its request that the Court sentence Mr. Anderson to a term of at least 420 months' imprisonment and a lifetime of supervised release. The factors outlined in his position paper – namely, age, mental and emotional conditions, and physical condition or appearance – may warrant a downward departure from the guideline sentence of life imprisonment. For several reasons, however, the United States strongly disagrees that these factors warrant a downward departure to the mandatory minimum of fifteen years' imprisonment.

First, the United States Sentencing Guidelines advise that age, mental and emotional conditions, and physical condition or appearance *may* warrant a departure if the conditions "are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. §§ 5H1.1, 5H1.3, 5H1.4. The characteristics that Mr. Anderson points to do not justify a mandatory minimum sentence. Although Mr. Anderson is 24 years old and has a youthful appearance, these factors are not present to an unusual degree or distinguish Mr. Anderson from other individuals who have been charged and sentenced for online and in-person child sexual exploitation. Mr. Anderson used his age and his appearance to gain access and the trust of the very children that he groomed, sexually exploited, and then threatened. These factors should not now be the basis for such a significant departure. With respect to his mental health and emotional conditions, Mr. Anderson has been diagnosed with many of the same conditions as others who appear before this Court. What sets Mr. Anderson apart from many others, however, is that he had a family and resources available to him to address the conditions in a way that could have avoided the continued sexual exploitation of additional children.

Second, the mandatory minimum sentence requested by Mr. Anderson would place him far outside the comparable cases in the District of Minnesota. The Third Circuit's opinion in *Freed* is not representative or consistent with how cases like Mr. Anderson's are treated in the District of Minnesota. The most

2

recent and analogous case in this district appears to be *United States v. Mitchell Ottinger*, Criminal Case No. 21-209 (WMW). Mr. Ottinger, a 25-year-old former substitute teacher and paraprofessional used online personas to obtain sexually explicit images and videos of both minors and adults, and then threatened to disseminate those images and videos to extort more images and videos from his victims. For his conduct, he was sentenced to 480 months in prison and 25 years of supervised release. Likewise, other analogous cases in this District involving the online sexual exploitation have resulted in sentences far above the 15 year mandatory minimum. *See, e.g.*, *United States v. Jay Tyrell Whiteford*, 21-cr-131 (ECT/ECW) (420 month sentence and a lifetime of supervised release); *United States v. Peter James Monson*, 21-cr-44 (SRN/DTS) (400 month sentence and a lifetime of supervised release); *United States v. Benjamin Joseph Roggenbuck*, 20-cr-160 (540 month sentence and a lifetime of supervised release). The severity and length of Mr. Anderson's online and in-person sexual exploits of children both in our community and those he met while sitting in front of his computer screen in the District and ultimately traveled outside of the District to meet warrant a sentence of imprisonment well above the fifteen year mandatory minimum.

Finally, the United States takes issue with Mr. Anderson's characterization of his behavior as an adult on the internet. Mr. Anderson repeatedly references the "relationships" that he had with minors he met on the

internet. This underscores the danger that Mr. Anderson presents to the public, namely minor male children. The very "relationship" that Mr. Anderson idolizes and puts on a pedestal is illegal. There was no relationship. There was an imbalance of power and experience. And, over an extended period of time, Mr. Anderson groomed, preyed upon, and ultimately sexually exploited and abused minors.

For the foregoing reasons, as well as those outlined in the United States' initial position paper, the United States respectfully requests that the Court impose a sentence of at least 420 months' imprisonment and a lifetime term of supervision to follow.

Dated: January 17, 2023                     Respectfully Submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            */s/ Angela M. Munoz*

                                            BY:  ANGELA M. MUNOZ
                                            Assistant United States Attorney